IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| **KYRIL D. NAPIER**, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:21-cv-___637_____ |
| v. | ) |
| **MAZARI MOTORS, LLC**, | ) |
| Serve: R/A Mujeeb Aziz<br>6722 Abberley Loop<br>Gainesville, VA 20155 | ) |
| and | ) |
| **MUJEEB AZIZ**, | ) |
| Serve: Mujeeb Aziz<br>6722 Abberley Loop<br>Gainesville, VA 20155 | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Kyril D. Napier, by and through undersigned counsel, brings this Complaint against Mazari Motors, LLC and Mujeeb Aziz (collectively "Defendants") on the grounds and for the relief set forth herein:

**Parties**

1. Plaintiff, Kyril D. Napier (hereafter "Plaintiff" or "Mr. Napier") is a resident of the Commonwealth of Virginia, specifically residing in Spotsylvania County, Virginia.

2. Defendant, Mazari Motors, LLC (hereafter "Mazari") is a limited liability company organized under the laws of the Commonwealth of Virginia with a principal place of business located in Spotsylvania County, Virginia.

3. Defendant, Mujeeb Aziz (hereafter "Aziz"), is an individual residing in the Commonwealth of Virginia.

4. Upon information and belief, Defendant Aziz is a member or manager of Mazari and thus responsible for payroll.

### Jurisdiction and Venue

5. This action is brought by Plaintiff for damages on account of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

6. Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 201, et seq., 29 U.S.C. § 216, and 28 U.S.C. § 1331.

7. Defendant Mazari is an enterprise with employees engaged in commerce or the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person pursuant to 29 U.S.C. § 203.

8. Upon information and belief, Defendant Mazari has an annual dollar volume of $500,000 or more in sales made or business done pursuant to 29 U.S.C. § 203.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant transacted business in this district and maintains a principal place of business in this district.

### Statement of Facts

10. Mr. Napier was employed by Mazari from April 2016 to September 2020.

11. Mr. Napier's responsibilities as an employee of Mazari did not involve management of the company.

12. Between September 17, 2018 and April 15, 2020, Mazari was the garnishee and Mr. Napier was the judgment debtor in two (2) garnishment actions in the Lancaster General

District Court in the Commonwealth of Virginia, in case numbers GV15000603-03 and GV15000603-04 (hereafter collectively "the garnishment actions").

13. Pursuant to the garnishment actions, beginning October 2018, Mazari withheld wages from Mr. Napier's pay; however Mazari continued to withhold wages from Mr. Napier's pay past the return dates of the garnishment actions.

14. In total, Mazari withheld from Mr. Napier's wages $2,155.92 in the year 2018, $4,963.53 in the year 2019, and $1,228.01 in the year 2020, totaling $8,347.46.

15. Mazari delivered a total of only $2,927.20 of wages withheld from Mr. Napier to the Lancaster General District Court in the garnishment actions.

16. Mazari knowingly and willfully failed to pay Mr. Napier wages for which Mr. Napier performed work in the amount of $5,420.26.

## COUNT I
### Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

17. Plaintiff incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

18. Plaintiff was at all times an employee within the meaning of the FLSA.

19. Defendant is a private business that, upon information and belief, is engaged in interstate commerce and has sales volume greater than $500,000 per year. Accordingly, Defendant is covered by and must comply with the FLSA.

20. Pursuant to 29 U.S.C. § 206, employers are required to pay employees for all hours worked during each work week at a rate equal to or greater than the applicable minimum wage.

21. None of the exemptions enumerated in 29 U.S.C. § 213 apply to Mr Napier's employment at Mazari.

22.     Mazari failed to pay Mr. Napier for work he performed during his employment at Mazari.

23.     Mr. Napier is entitled to the wages Mazari failed to pay him.

24.     Mazari's violations of the FLSA for failure to pay Mr. Napier were knowing and willful as Mazari was previously involved in litigation under the FLSA and was aware of the FLSA's requirements.

25.     Mazari should be required to compensate Mr. Napier in an amount equal to his lost wages as liquidated damages pursuant to 29 U.S.C. § 216.

26.     Ms. Napier is also entitled to compensation by Mazari for his attorney fees and costs in bringing this case.

WHEREFORE, Plaintiff respectfully prays that this Court render judgment in his favor on all counts, and grant the following relief:

(a) an award for compensation in an amount consistent with his entitlement under the FLSA;

(b) an award for additional compensation in the form of mandated liquidated damages for Defendant's willful violation of the FLSA;

(c) an award for Plaintiff's attorney fees and costs incurred in this proceeding as mandated by the FLSA;

(d) an award for pre- and post-judgment interest as allowed by law; and

(e) such other and further relief and this Court deems just and proper.

**Demand for Jury Trial**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues in this action.

                                                  Respectfully submitted:
                                                  KYRIL D. NAPIER
                                                  By Counsel

<u>/s/ Stephen L. Flores</u>
Stephen L. Flores (VSB No. 92900)
Flores Law, PLLC
530 E Main Street, Suite 320
Richmond, VA 23219
(804) 238-9911
stephen@floreslawva.com
*Counsel for Plaintiff*