**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **KYRIL D. NAPIER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:21-cv-00637-DJN |
| v. | ) |
| | ) |
| **MAZARI MOTORS, LLC, et al.**, | ) |
| | ) |
| Defendants. | ) |

## JOINT MEMORANDUM IN SUPPORT OF
## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Kyril D. Napier ("Mr. Napier" or "Plaintiff"), and Defendants Mazari Motors,LLC

("Mazari") and Mujeeb Aziz ("Aziz") (collectively "Defendants") have jointly moved this Court

for approval of a settlement between all parties of this action alleging violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. For the reasons set forth below, the parties

request that this Court approve the settlement.

## FACTUAL BACKGROUND

Mr. Napier brought this action for recovery of sums he alleged were due to him by the

Defendants Mazari and Aziz. Plaintiff alleged that Defendants failed to pay him wages which were

withheld from his pay purportedly for two garnishment actions in the Lancaster County General

District Court in the Commonwealth of Virginia, which Plaintiff alleged were neither paid to the

Lancaster General District Court nor paid to Plaintiff.

The parties have informally exchanged information concerning their respective claims and

defenses and have engaged in lengthy settlement discussions in which they were represented by

legal counsel. To avoid the uncertainty, burden, and expense of further litigation and to ensure

fairness to Mr. Napier and all parties, the parties have negotiated a settlement agreement regarding

Mr. Napier's claims against Mazari, and Mazari's potential claims and defenses against Mr. Napier.

The parties now seek approval of the settlement. The Eleventh Circuit Court of Appeals set forth guidelines for approval of FLSA settlements in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), which courts in the Fourth Circuit follow. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. l:08cv1310, 2009 U.S. Dist. LEXIS 89136 (E.D. Va. June 23, 2009). *Lynn's Food Stores* sets forth procedures for parties to present a proposed settlement of an FLSA action to a district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores,* 679 F.2d at 1353.

The parties respectfully request that this Court consider their settlement pursuant to the factors enumerated below. The parties reached this agreement in an adversarial context in which both parties were represented by counsel. For the reasons set forth below, the parties submit that the settlement is fair and reasonable and should be approved by this Court.

### DISCUSSION

#### A. *Bona Fide* Dispute

"[A]s a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are 'actually in dispute.'" *Saman v. LBDP, Inc.*, No. 12-1083, 2013 U.S. Dist. LEXIS 83414 (D. Md. June 13, 2013) (quoting *Lane v. Ko-Me,* LLC, No. 10-2261, 2011 U.S. Dist. LEXIS 97870 at 3 (D. Md. August 31, 2011)).

Plaintiff alleged in the Complaint in this matter that Defendants failed to pay him for wages owed to him in violation of the FLSA. Specifically, Plaintiff alleged that $5,420.26 were withheld from his paycheck purportedly for payment on two garnishment actions in the

Lancaster General District Court, but were not paid to that court nor to Mr. Napier. Mr. Napier

further alleged that the failure to pay the wages owed was knowing and willful. Defendants

dispute those allegations and the allegations regarding willfulness. Defendants' counsel has also

provided information regarding potential counterclaims that could be raised in this matter.

Accordingly, a genuine dispute exists as to Defendants' liability under the FLSA. The settlement

agreement was reached by the parties in an adversarial context and was negotiated at arm's

length by counsel.

## B.  Fairness and Reasonableness

*Lomascolo*, 2009 U.S. Dist. LEXIS 89129 at 29, sets forth the factors for a district court to

evaluate whether a settlement is fair and reasonable:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings,
> including the complexity, expense and likely duration of the litigation; (3) the
> absence of fraud or collusion in the settlement; (4) the experience of counsel who
> have represented the plaintiffs; (5) the opinions of class counsel and class members
> after receiving notice of the settlement whether expressed directly or through failure
> to object; and (6) the probability of plaintiffs' success on the merits and the amount
> of the settlement in relation to the potential recovery."

In the instant matter, each of these six factors support a finding that the settlement agreement

reached between the parties is fair and reasonable.

First, the parties have conducted informal discovery. Courts have approved settlement

agreements entered at the outset of discovery (or before any formal discovery has taken place)

where the parties have nonetheless had an opportunity to obtain and review evidence relevant to

their claims through informal discovery. *See Saman*, 2013 U.S. Dist. LEXIS 83414 at 11. The

parties have exchanged information and documents about the amount of wages that were withheld

from Mr. Napier's paychecks versus the amounts paid to the Lancaster General District Court, as

well as information and documents about potential claims Mazari could bring against Mr. Napier.

The parties dispute the discrepancy in the amounts owed to Mr. Napier and Mazari's potential claims, but were able to reach a compromise. Further discovery would involve extensive requests for financial records and depositions of Mr. Napier, Aziz, and other company employees, which would be time-consuming and expensive. The parties submit that they "have had sufficient opportunity 'to obtain and review evidence, to evaluate their claims and defenses, and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case.'" *Saman*, 2013 U.S. Dist. LEXIS 83414 at 12 (citing *Lomascolo*, 2009 U.S. Dist. LEXIS 89136 at 32).

Second, the parties have reached a settlement agreement early in these proceedings, which eliminates the need for time-consuming and costly discovery as discussed above, as well as the filing of dispositive motions. The Defendants in this matter were prepared to defend against the claim asserted by Mr. Napier as well as file counterclaims. The settlement reached avoids potentially costly and time-consuming litigation.

Third, both parties were represented by counsel in the negotiation of the settlement agreement, which creates a presumption that there was no fraud or collusion in the settlement. *Id.* Furthermore, each party consulted with their counsel regarding the terms of the settlement agreement before entering into the agreement.

Fourth, both parties have been well represented by counsel in the negotiation of the settlement and in these proceedings. Plaintiff's counsel has experience in federal court filing bankruptcy matters and has experience with state court garnishment matters. Defendants are represented by a law firm with attorneys experienced in defending employers against FLSA claims.

Fifth, there are no class claims in this matter, which makes this factor inapplicable in this case.

Sixth, the amount of the settlement in relation to the potential recovery "reflects a reasonable compromise over issues actually in dispute, *Saman*, 2013 U.S. Dist. LEXIS 83414 at 14 (citing *Lomascolo*, 2009 U.S. Dist. LEXIS 89136 at 24), in light of the defenses and counterclaims potentially asserted by Defendants. Plaintiff alleged approximately $11,000 in FLSA damages, including liquidated damages, and will receive $5,000 to settle his claims, plus $2,500 for attorney fees and costs. This matter involved several factual disputes which would have required extensive discovery and litigation. The parties believe the settlement is beneficial to all parties compared to chances of success at trial.

## C. Reasonableness of attorney fees

Finally, the proposed portion of the settlement allotted to attorney's fees and costs is reasonable. The settlement agreement provides for $2,500 of the $7,500 settlement for Plaintiff's counsel. Plaintiff's counsel worked on this case pre- and post-litigation in excess of 13.5 hours, and his standard hourly rate is $250. Plaintiff's counsel has discounted his contractual fees in an effort to resolve this matter.

## CONCLUSION

For the foregoing reasons, the parties request that this Court approve the Settlement Agreement in this matter (attached as Exhibit "A").

Respectfully submitted:                         MAZARI MOTORS, LLC and
KYRIL D. NAPIER                                 MUJEEB AZIZ
By Counsel                                      By Counsel

/s/ Stephen L. Flores                           /s/ Theodora A. Stringham
Stephen L. Flores (VSB No. 92900)               Mark E. Shaffer (VSB No. 75407)
Flores Law, PLLC                                Theodora A. Stringham (VSB No. 88563)
530 E Main Street, Suite 320                    Offit Kurman, P.C.
Richmond, VA 23219                              8000 Towers Crescent Drive
(804) 238-9911                                  Suite 1400
stephen@floreslawva.com                         Tysons Corner, VA 22182
*Counsel for Plaintiff*                         (703) 745-1800
                                                mark.shaffer@offitkurman.com
                                                tstringham@offitkurman.com
                                                *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the parties below by electronic filing this 10th day of December , 2021.

Mark E. Shaffer
Theodora A. Stringham
Offit Kurman, P.C.
8000 Towers Crescent Dr., Ste. 1400
Tysons Corner, VA 22182
mark.shaffer@offitkurman.com
tstringham@offitkurman.com

                                    /s/ Stephen L. Flores
                                    Stephen L. Flores