## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is entered into, effective November 24, 2021, by and between Mazari Motors, LLC and Mujeeb Aziz, and Kyril D. Napier. Mazari Motors, LLC is defined, for the purpose of this Release, as including the aforementioned Mazari Motors LLC as well as all past, present, related and successor parents, subsidiaries, affiliates, companies and joint ventures, their collective past and present officers, directors, shareholders, attorneys, accountants, insurers, representatives, agents and employees. Mujeeb Aziz is defined, for the purpose of this Release, as including Mujeeb Aziz and his heirs, executors, administrators, successors, and assigns and insureds. Kyril D. Napier is defined, for the purpose of this Release, as including Kyril D. Napier and his heirs, executors, administrators, successors, and assigns and insured. Mazari Motors, LLC and Mujeeb Aziz will be referred to collectively herein as "Company." Kyril D. Napier will be referred to as "Napier." The term "Parties" as used herein shall refer to Company and Napier.

WHEREAS, Napier filed a Complaint (No. 3:21-cv-00637) in the United States District Court for the Eastern District of Virginia against Company (the "Complaint"); and

WHEREAS, the Parties acknowledge and agree that the matters to be litigated involve disputed issues of fact and law, if any; and

WHEREAS the Parties may have additional claims, known or unknown, against one or more of the other Parties, not yet alleged; and

WHEREAS, without the admission of any claim, fact, or defense, the Parties now desire to settle any and all claims between them.

NOW, THEREFORE, in consideration of the prior recitals and the promises and acts stated below, the sufficiency of which is acknowledged by the Parties the Parties agree as follows:

1.  Recitals; Nature of Agreement. The prefatory paragraph and recitals set forth above are incorporated by reference and made a part of this Agreement as if set forth in their entirety herein. This Agreement constitutes a full settlement between the Parties of all claims alleged or which can or could have been alleged by the Parties, and/or which arise from any dealing or conduct between the Parties at any time prior to the execution of this Agreement. This Agreement is made without the admission of any liability, fact, claim or defense by any party hereto.

2.  Consideration.

    (a) Company will pay Napier the sum of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00), (the "Settlement Funds"), in full settlement of any asserted or unasserted claims Napier does have or has had against Company, its past, present, related and successor parents, subsidiaries, affiliates, companies and joint ventures, its collective past and present officers, directors, shareholders, attorneys, accountants, insurers, representatives, agents and employees, and each or all of them, in connection with his employment by Company prior to the date of the execution of this Agreement. The Settlement Funds will be delivered via Federal

1

Express within seven (7) days of the mutual execution of this Agreement to Stephen Flores, Esq., Flores Law, PLLC, 530 E. Main Street, Ste. 320, Richmond, Virginia 22319 and paid as follows: (i) Five Thousand 00/100 Dollars ($5,000.00) to Kyril D. Napier; and (ii) Two Thousand Five Hundred 00/100 Dollars ($2,500.00) to Flores Law, PLLC.

      (b) Napier agrees that he will not apply for a position with Company.

      (c) Napier understands and agrees that he would not receive the monies and/or benefits described in Paragraph 2(a), except for his execution of this Agreement and General Release and the fulfillment of the promises contained herein.

      (d) The Parties understand and agree that they would not receive the monies and/or benefits described in Paragraphs 2(a) through 2(b) above, except for their execution of this Agreement and General Release and the fulfillment of the promises contained herein.

      3.      <u>Confidentiality</u>. Napier makes the following affirmative representations and commitments, which he understands and agrees are to be considered material terms of this Agreement and material inducements for Company to enter into this Agreement. Napier agrees to keep the existence of and terms of this Agreement, as well as his allegations against Company, as well as the facts related to the assertions contained in the Complaint, and the negotiations leading to this Agreement, CONFIDENTIAL. Napier represents he will not disclose the terms of the settlement except with his spouse and his attorney and shall not discuss or disclose the terms of this settlement with or to any person other than legal counsel and, if necessary, to tax advisors for tax reporting purposes. Napier also agrees that if any person, associated or affiliated currently, in the future, or the past with Company, asks about this settlement, Napier shall not comment on its existence, the terms, or the facts giving rise to this Agreement unless compelled by operation of law. Nothing in this confidentiality provision shall prevent the Parties from introducing this Agreement before a proceeding described in Paragraph 7 as evidence of breach of its terms.

      4.      <u>Non-Disparagement</u>.

      (a) The Parties shall not, directly or through an agent or any other third party, make, transmit or publish any negative, adverse or detrimental statement(s), remarks, actions concerning the Parties or Company's employees, officers, directors, shareholders, business, operations, or reputation in any format or capacity. Napier shall not in any manner disparage or denigrate Company, its owner(s), its business, its technology, or its management, to any third party or to encourage any other individual to engage in such acts. Napier further warrants and represents he shall take no actions which are reasonably likely to interfere with Company's business relationships, including but not limited to vendors, insurers, bonding companies, banks, professional advisors, contracts, proposals, employees, investors, or clients.

      (b)    Napier further agrees that he shall not voluntarily assist any current or former clients, employees or contractors of the Company in connection with any litigation brought or threatened to be brought by such current or former clients, employees or contractors against Mazari. Such voluntary assistance, in any manner other than strict compliance with a subpoena, shall be a violation of this Agreement. The Parties and their counsel further agree that they will not disclose, disseminate or publish or contribute to the publication in any manner (i.e., articles, books and electronic media, etc.) of any of the facts or information relating to the lawsuit or

allegations made by the Parties.

(c) The Parties understand their pledge of confidentiality is an integral part of the Parties' agreement to settle this case for the amounts referred to herein. In response to any third-party inquiries about the Parities' claims, each Party may say only: "the matter was resolved."

5.    Mutual Release of Claims and Covenant Not to Sue.

(a)    For and in consideration of the undertakings assumed and promises made pursuant to this Agreement, the Parties, their representatives, heirs, assigns, and/or any other person or entity claiming by, through, or under the Parties hereby forever waive, release, discharge, and covenants not to sue, completely, finally, and absolutely, one another, as well as all of their direct and indirect corporate parents, subsidiaries, affiliates, divisions, and its respective officers, directors, owners, shareholders, founders, members, executors, administrators, beneficiaries, heirs, trustees, representatives, employees, assigns, agents, attorneys, consultants, and successors, to the extent they exist ("Releasees"), from any and all asserted and unasserted claims, controversies, actions, causes of action, demands, debts, liens, contracts, agreements, promises, representations, torts, rights, costs, damages, losses, obligations, judgments, or liabilities of any nature at law or in equity, past or present, whether or not now or heretofore known, suspected, or claimed, that the Parties may have against the Releasees arising out of any facts or circumstances that occurred before the date on which the Parties execute this Agreement. Notwithstanding the foregoing, nothing in the foregoing release shall prevent Employee from cooperating in any investigations or proceedings conducted by the National Labor Relations Board, Equal Employment Opportunity Commission, Department of Labor, or any similar agency tasked with investigating allegations of employment discrimination or other misconduct; however, Napier waives any rights he may have to recover money damages, other compensation, or other personal relief resulting from any such investigation or proceeding and, consistent herewith, are precluded from doing so. Nothing in this paragraph shall be construed as a release of any obligations owed by Company pursuant to this Agreement.

(b)    Napier agrees to, within seven (7) days of the mutual execution of this Agreement, file a Motion for Approval of Settlement of this Complaint and upon approval, ensure dismissal of the Complaint. Napier further covenants not to file any complaints, suits, actions, charges, claims and/or proceedings against the Releasees for the matters released herein. The Parties will take all steps necessary to give effect to this paragraph.

6.    Denial of Liability.   Company denies liability for any claims made by Napier, and this Agreement does not constitute an admission of liability by Company but rather is entered solely for the purpose of settling disputed matters.

7.    Action for Breach.   If any Party breaches any of their obligations under this Agreement, the non-breaching Party may bring a civil action to enforce the Agreement. Neither Party shall commence a civil action for an alleged breach of this Agreement without first notifying the other Party of the dispute and providing the allegedly breaching Party five (5) business days to cure the alleged breach. If any Party brings a civil action to enforce the Agreement, then the prevailing Party in such a civil action shall be entitled to its attorney's fees and costs.

8. <u>Amendment and Modification</u>. This Agreement may be amended, modified, or supplemented only by written agreement of the Parties.

9. <u>Waiver of Compliance; Consents</u>. Except as otherwise provided in this Agreement, any failure of any of the Parties to comply with any obligation, representation, warranty, covenant, agreement or condition herein may be waived by the Party entitled to the benefits thereof only by a written instrument signed by the Party granting such waiver, but such waiver or failure to insist upon strict compliance with such obligation, representation, warranty, covenant, agreement or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure. Whenever this Agreement requires or permits consent by or on behalf of any Party hereto, such consent shall be given in writing in a manner consistent with the requirements for a waiver of compliance as set forth in this paragraph.

10. <u>Authorization</u>. Each Party expressly represents that the person executing this Agreement on his or her behalf has full power and authority to enter into, execute and fully perform this Agreement on behalf of said Party, and Napier further represents that he has not assigned any of his rights with respect to the Complaint to any person or entity.

11. <u>Assignment</u>. This Agreement shall be binding upon and inure to the benefit of each Party hereto and to their heirs, personal representatives, successors and permitted assigns; provided that neither this Agreement nor any of the rights, interests or obligations of Napier may be assigned without the prior written consent of Company.

12. <u>Governing Law</u>. This Agreement shall be governed by the laws of the Commonwealth Virginia as to all matters, including but not limited to matters of validity, construction, effect, performance and remedies. Any action for breach of this Agreement shall exclusively be resolved in the Circuit Court of Spotsylvania County, Virginia, and each Party hereby submits to, and waives any defenses to, such courts' exercise of personal jurisdiction over such Party. The Parties hereby agree to WAIVE ALL RIGHTS TO A TRIAL BY JURY in the event that either Party seeks to litigate any claim against the other Party.

13. <u>Severability</u>. If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

14. <u>Entire Agreement</u>. This Agreement embodies the entire agreement and understanding of the Parties hereto in respect to the transactions contemplated by this Agreement. This Agreement supersedes all prior agreements and understandings between the Parties with respect to the transactions contemplated by this Agreement.

15. <u>Counterparts and Execution</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. Facsimile or e-mailed copies shall be as valid as originals. Copies of this Agreement shall have the same force and effect as an original, and each of the Parties hereby

expressly waives any rights to assert that such copies fail to comply with "the Best Evidence" Rule or any equivalent rule of law or evidence in any other jurisdiction.

16. Representation by Counsel; No Adverse Construction. The Parties acknowledge that they have had the opportunity to be represented by counsel of their choosing, have been fully advised of their rights, have read this Agreement and have had a full opportunity to review all of the terms of this Agreement with counsel, and are entering into this Agreement of their own free will with a complete understanding of all terms set forth in this Agreement. Any usual rule(s) of construction requiring that ambiguities are to be resolved against a particular Party, or in favor of a particular Party, shall not be applicable in the construction of this Agreement.

17. Indemnification Issues and Medicare Warranty. Napier affirms and warrants that he is not a Medicare beneficiary and is not currently receiving, has not received in the past and has not applied for or sought benefits from Medicare. Napier agrees to indemnify and hold Company, its insurers and its reinsurers, harmless from: (i) any claim or liability, or for any taxes and related penalties and/or interest, that may be asserted against the Company pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8), as a result of the payment described in Paragraph 2 of this Agreement; and (ii) any claim or liability, or for any taxes and related penalties and/or interest, relating to the manner in which the Settlement Payment is allocated and paid under this Agreement.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**THE PARTIES HAVE READ AND FULLY CONSIDERED THE RELEASE AND ARE MUTUALLY DESIROUS OF ENTERING INTO SUCH RELEASE. THE TERMS OF THIS RELEASE ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN NAPIER AND COMPANY. NAPIER ACKNOWLEDGES THAT HE HAS BEEN AFFORDED THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF HIS CHOOSING PRIOR TO EXECUTION OF THIS RELEASE AND HAS HAD AN OPPORTUNITY TO CONSIDER WHETHER TO SIGN THIS RELEASE.**

**HAVING WILFULLY ELECTED TO EXECUTE THIS RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUM SET FORTH IN PARAGRAPH 2(a), ABOVE, NAPIER FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST COMPANY.**

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed and delivered by their duly authorized officers or representatives.

_[signature]_
ID 6PXPvAgt18Ftm9MQHwbtqcEd

**KYRIL D. NAPIER**

Date: 12/6/2021

**MAZARI MOTORS, LLC**

By: _Mujeeb Aziz_

Title: _Owner_

Date: 12/08/21

_[signature]_
**MUJEEB AZIZ**

Date: 12/08/21

4865-3092-9156, v. 9